UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-00098-MOC
(5:00-cr-00015-MOC-2)

| | |
|---|---|
| **JEREMY RAY DANNER,** ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner Jeremy Ray Danner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 1), in which he seeks relief pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015), and his Supplemental Memorandum (Doc. No. 13), in which he concedes that his Motion is time-barred. Petitioner is represented by the Office of the Federal Public Defender for the Western District of North Carolina.

On September 15, 2000, Danner pled guilty to conspiracy to possess with intent to distribute and distribute cocaine, cocaine base, and heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Entry and Accept. Guilty Plea, United States v. Danner, No. 5:00-cr-00015-MOC-2 (W.D.N.C.), Doc. No. 35. The presentence report found that Danner had two qualifying prior convictions that triggered the career-offender enhancement under United States Sentencing Guidelines ("U.S.S.G.") § 4B1.2: a 1993 North Carolina conviction for breaking and entering, and a 1997 North Carolina conviction for possession with intent to deliver cocaine. (§ 2255 Mot. 1-2, Doc. No. 1.) The Court applied U.S.S.G. § 4B1.2 to determine Danner's sentencing range and sentenced him to 240 months in prison in case No. 5:00-cr-00015-MOC-2 and to a consecutive

120 months in prison in case No. 3:02-cr-00096-V-1. J., Danner, id. at Doc. No. 202. Danner's appeal was dismissed by the Fourth Circuit Court of Appeals. See United States v. Danner, 149 F. App'x 178, 2005 WL 2295506 (4th Cir. 2005) (unpublished per curiam decision).

Danner filed the instant Motion to Vacate on June 14, 2016, challenging the Court's application of the career-offender guideline, U.S.S.G. § 4B1.2, in determining his sentencing range. (§ 2255 Mot. 2-4). He contends he no longer qualifies as a career-offender in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). Johnson held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process," id., 135 S. Ct. at 2563, but did not address the residual clause under the career-offender sentencing guideline.

On June 14, 2016, this Court granted the Government's Motion to hold these proceedings in abeyance pending the United States Supreme Court's decision in Beckles v. United States, No. 15-8544, in which the petitioner claimed his career-offender sentence was erroneously enhanced by an unconstitutionally vague residual clause of U.S.S.G. § 4B1.2. (Doc. No. 5.) The Supreme Court issued its opinion on March 6, 2017, holding that because the sentencing guidelines are not mandatory, they "are not subject to vagueness challenges under the Due Process Clause" and Johnson, therefore, does not apply to invalidate the residual clause of the career-offender guideline. Beckles v. United States, 137 S.Ct. 886, 890, 895 (2017). Beckles, however, did not resolve the question of whether Johnson's constitutional holding applies retroactively to those defendants, like Danner, who were sentenced before United States v. Booker, 543 U.S. 220 (2005), when the sentencing guidelines were mandatory rather than advisory. Because that issue was before the Fourth Circuit Court of Appeals, this Court granted Petitioner's subsequent motion to hold this action in abeyance pending the Fourth Circuit's decision in United States v.

2

Brown, No. 16-7065.  (Doc. No. 9).

The Fourth Circuit issued its opinion in Brown on August 21, 2017.  United States v. Brown, 868 F.3d 297, 299 (4th Cir. 2017), rehr'g and rehr'g en banc denied, 891 F.3d 115 (4th Cir. 2018).  It held that because neither Johnson, Beckles, nor any other Supreme Court case has recognized the specific right to relief sought by Brown, his § 2255 motion was "untimely under 28 U.S.C. § 2255(f)(3)."[1]  Id.  The United States Supreme Court denied certiorari review, Brown v. United States, 2018 WL 2877128 (Oct. 15, 2018), leaving the Fourth Circuit's decision intact.

In his Motion to Vacate, Danner argues, as Brown did, that his claim is timely under 28 U.S.C. § 2255(f)(3) because it was filed within one year of Johnson.  On November 7, 2018, he filed a supplemental memorandum stating that, in light of the Supreme Court's denial of certiorari in Brown, the parties agree his Johnson claim is time-barred.  (Suppl. Mem. 1, Doc. No. 13.)  The Court concurs and will dismiss the Motion to Vacate on that basis.

Nevertheless, Danner requests that the Court grant him a certificate of appealability so that he may ask the Fourth Circuit to reconsider its Brown decision.  (Suppl. Mem. 4.)  He contends reasonable jurists would disagree about the correctness of this Court's dismissal of a motion to vacate on statute of limitations grounds where a petitioner who was sentenced as a career-offender prior to Booker raises a Johnson claim within a year of that decision, see Slack v. McDaniel, 529 U.S. 473, 484 (2000).  (Suppl. Mem. 2-4.)

The Court recognizes that Justices Sotomayor and Ginsburg dissented from the Supreme

---

[1] A motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 must be filed within one year of the date on which:  (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; *(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review*; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.  28 U.S.C. § 2255(f)(1)-(4) (emphasis added).

3

Court's denial of certiorari in Brown, and that Chief Judge Gregory likewise dissented from the Fourth Circuit's Brown decision and the decisions to deny rehearing and rehearing en banc. This Court, however, is bound by Fourth Circuit precedent, and Brown is settled law in this circuit. Accordingly, the Court declines to issue a certificate of appealability.

Danner's conviction and sentence became final for purposes of § 2255 in 2005, and he filed the instant § 2255 petition in 2016, more than a decade later. See § 2255(f)(1). Because the Supreme Court has not recognized the specific right upon which Danner seeks to rely, Johnson did not re-start the one-year statute of limitations under § 2255(f)(3), and the instant § 2255 petition is time-barred. See Brown, 868 F.3d at 299.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DISMISSED as untimely**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: November 9, 2018

Max O. Cogburn Jr
United States District Judge